Filed 6/24/14  Amar v. Schuller CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| SHAOUL AMAR, | B246492 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. EC059084) |
| v. | |
| JEFFREY SCHULLER et al., | |
| Defendants and Appellants. | |

APPEAL from an order of the Superior Court of Los Angeles County.  William D. Stewart, Judge.  Reversed.

Jeffrey S. Schuller, in pro. per.; Jeffrey S. Schuller and Jay Freedman for Defendants and Appellants Henri Ric Schuller and Schuller & Schuller.

Michael H. Artan, for Defendant and Appellant Joseph A. Pertel.

Stone & Stone, Stanley H. Stone, for Plaintiff and Respondent.

_____

A losing defendant in earlier civil litigation immediately sued his opponents' attorneys, alleging their legal representation of his opponents breached duties owed to him. The attorneys moved to strike the complaint pursuant to Code of Civil Procedure section 425.16, the anti-SLAPP statute, arguing it arose from protected litigation activity.[1] The trial court denied the motion, apparently concluding the attorneys failed to specify what portions of the complaint alleged protected activity. We reverse.

## BACKGROUND

We obtain the background facts from "'the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based.' (§ 425.16, subd. (b).)" (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 89.)

Respondent Shaoul Amar alleges Henri and Jeffrey Schuller obtained his confidential information during the course of a 20-year attorney-client relationship, and Joseph Pertel had access to the information from the Schullers. In 2011, Pertel and the Schullers represented Marc and Jacqueline Fronen in a lawsuit against Amar that alleged Amar fraudulently induced the Fronens to convey real property to him. (*Fronen et al. v. Amar et al.,* case No. BC469858.) Amar failed to respond to the complaint, and on January 17, 2012, the trial court entered a default judgment against him. Post-judgment collection efforts are ongoing.

On July 31, 2012, Amar filed suit against the Schullers, their law firm, Schuller & Schuller, and Pertel for legal malpractice, breach of fiduciary duty and intentional infliction of emotional distress, alleging defendants used his confidential information against him in the Fronen lawsuit. On October 12, 2012, Pertel moved to strike the complaint pursuant to section 425.16, arguing each cause of action arose from his right to petition the courts on behalf of the Fronens. The Schullers and Schuller & Schuller

---

[1] Unspecified statutory references are to the Code of Civil Procedure.

SLAPP is an acronym for strategic lawsuit against public participation. (*City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 71-72, & fn. 1 (*City of Cotati*).)

joined and filed a supporting declaration stating Amar had no attorney-client relationship with the Schullers.

Amar opposed the motion, arguing defendants' representation of the Fronens did not constitute protected activity because it consisted of "conduct," not written or oral statements. (He did not explain how an attorney may act as legal counsel while making no written or oral statements.) Amar further argued he would likely prevail because Henri Schuller had represented an Amar-Fronen partnership in a number of real estate transactions and had given Amar legal advice over the years, such that Amar "had come to view the Schuller Firm as [his] attorneys." Amar declared the Schullers "were privy to ALL [his] personal issues[] and private matters," that he "had disclosed to them much information," and that "such information ultimately [was] used" against him in several lawsuits initiated by the Fronens. Brian Dozier, Amar's business associate, also filed a declaration in opposition to defendants' anti-SLAPP motion, stating the Schullers planned and executed a real estate transaction that involved himself, the Fronens and Amar.

In reply, appellants argued Amar would not likely prevail because he had no evidence of an attorney-client relationship between himself and appellants. On the contrary, they argued, at his deposition Amar conceded he never had an attorney-client relationship with Pertel, never shared confidential information with Jeffrey Schuller, and did not know if Henri Shuller, shared his confidential information with Pertel or Jeffrey. Further, appellants asserted Amar disclosed to them that his purpose in this suit was to prevent appellants from representing the Fronens against him.

On November 16, 2012, the trial court denied appellants' motions because they failed in their papers to refer to specific portions of the four-page complaint. The court stated it "should not be put in the position of reviewing the complaint and identifying the paragraphs in each cause of action that meet the Defendant's burden . . . ."

Appellants filed a timely notice of appeal.

3

## DISCUSSION

Appellants maintain the complaint arises from protected litigation-related activity subject to section 425.16, and Amar has not established a probability of prevailing. We agree.

### A. Applicable Legal Principles and Standard of Review

Section 425.16 provides, "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1).) "As used in this section, 'act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue' includes: (1) any written or oral statement or writing made before a . . . judicial proceeding, or any other official proceeding authorized by law, (2) any written or oral statement or writing made in connection with an issue under consideration or review by a . . . judicial body, or any other official proceeding authorized by law . . . ." (*Id.*, subd. (e).) Section 425.16 "shall be construed broadly." (*Id.*, subd. (a).)

"'A cause of action "arising from" defendant's litigation activity may appropriately be the subject of a section 425.16 motion to strike.'" [Citations.] 'Any act' includes communicative conduct such as filing, funding, and prosecution of a civil action. [Citation.] This includes qualifying acts committed by attorneys in representing clients in litigation. [Citation.]." (*Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1056.) Communications preparatory to or in anticipation of the bringing of an action also fall under section 425.16. (*Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1115.) The anti-SLAPP statute protects defendant attorneys from suits brought by third parties on any legal theory or cause of action "arising from" such protected activities. (*Thayer v. Kabateck Brown Kellner LLP* (2012) 207 Cal.App.4th 141, 154.) This includes a nonclient's claim against someone else's lawyer based on that lawyer's representation of the other party. (*Id.* at p. 158.)

4

We review the trial court's ruling de novo.  (*Grewal v. Jammu* (2011) 191 Cal.App.4th 977, 988.)  We evaluate an anti-SLAPP motion using a two-prong approach.  (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 67.)  First, we determine whether the moving party has made a threshold showing that the challenged cause of action arises from protected activity, and if so, whether the opposing party has established a probability of prevailing on the claim.  (*Navellier v. Sletten*, *supra*, 29 Cal.4th at p. 88.)  "Only a cause of action that satisfies *both* prongs of the anti-SLAPP statute–i.e.*,* that arises from protected speech or petitioning *and* lacks even minimal merit–is a SLAPP, subject to being stricken under the statute." (*Id.* at p. 89.)

In determining whether the threshold "arising from" requirement is met, we consider "the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based."  (§ 425.16, subd. (b); *Navellier*, *supra*, 29 Cal.4th at p. 89.)  In doing so, we look for "the *principal thrust* or *gravamen* of plaintiff's cause of action."  (*Martinez v. Metabolife Internat., Inc.* (2003) 113 Cal.App.4th 181, 188.)  A cause of action "arises from" protected litigation activity when it is based on an attorney's activity that was done "in furtherance of the right of petition or free speech." (*City of Cotati*, *supra*, 29 Cal.4th at p. 78.)  To be subject to the anti-SLAPP statute the defendant's protected activity *itself* must give rise to his or her asserted liability.  (*Ibid.*; *Navellier*, *supra*, 29 Cal.4th at p. 92.)  Furthermore, when "a cause of action alleges both protected and unprotected activity, the cause of action will be subject to section 425.16 unless the protected conduct is 'merely incidental' . . . ." (*Mann v. Quality Old Time Service, Inc.* (2004) 120 Cal.App.4th 90, 103.)  Thus, "[w]here both constitutionally protected and unprotected conduct is implicated by a cause of action, a plaintiff may not 'immunize' a cause of action challenging protected free speech or petitioning activity from a special motion under section 425.16 by the artifice of including extraneous allegations concerning nonprotected activity."  (*Scott v. Metabolife Internat., Inc.* (2004) 115 Cal.App.4th 404, 414.)

## B. The Gravamen of Amar's Complaint

Applying the foregoing principles, we conclude protected litigation activity forms the gravamen of the complaint. Amar alleges appellants used his confidential information in the course of the Fronen lawsuit, which violated their confidentiality and fiduciary duties to him. Amar alleges the attorneys' intentional breach of these duties caused him extreme emotional distress. All three causes of action were based on appellants' representation of clients in prior litigation, which constitutes activity in furtherance of the right of petition.

Amar argues appellants' litigation activities are not within the scope of the anti-SLAPP statute because the complaint and prior litigation arose from an underlying dispute between the parties. He relies on *City of Cotati*, *supra*, 29 Cal.4th 69. There, owners of a mobilehome park sued a city to challenge the validity of a mobilehome park rent stabilization ordinance. The city then filed an action against the mobilehome park owners for declaratory relief, claiming the ordinance was constitutional and valid. Owners of the mobilehome park moved to strike the city's lawsuit under section 425.16, arguing the city sued them only to retaliate for bringing the first claim. The Supreme Court held the city's action did not arise from the owner's initial lawsuit, but rather from the dispute underlying both actions—the constitutionality of the city's ordinance. The court reasoned, "the actual controversy giving rise to both actions—the fundamental basis of each request for declaratory relief—was the same underlying controversy respecting City's ordinance. City's cause of action therefore was not one arising from Owners' federal suit. Accordingly, City's action was not subject to a special motion to strike." (*City of Cotati*, *supra*, 29 Cal.4th at p. 80, fn. omitted.) The court stated, the "City's complaint repeatedly refers to the underlying subject matter of Owners' federal action (i.e., the mobilehome park rent stabilization ordinance and arguments respecting its validity), it contains no reference to the action itself." (*Id.* at p. 77.) In sum, the gravamen of the second lawsuit in *City of Cotati* was the City's dispute regarding the ordinance, not the mobilehome park's owners' lawsuit.

Here, the Fronens sued Amar for fraud in order to reclaim their property. Amar then sued appellants based on harm caused by their representation of the Fronens. Each of Amar's three causes of action references the Fronen lawsuit, and none references any other controversy between the parties. The complaint thus arises from the Fronen litigation, not some underlying dispute between Amar and the Fronens' attorneys.

Amar argues his causes of action are not subject to the anti-SLAPP statute because appellants' litigation activity is only incidental to the claims. We have held "where a cause of action alleges both protected and unprotected activity, the cause of action will be subject to section 425.16 unless the protected conduct is 'merely incidental' to the unprotected conduct . . . ." (*Mann v. Quality Old Time Service, Inc.*, *supra*, 120 Cal.App.4th at p. 103.) Here, though Amar references business and social communications with the Schullers in his opposition, his causes of action do not arise from these activities. Amar's complaint alleges appellants' breach of their duties occurred only when the Fronen lawsuit began. Thus, the principal thrust of claim is appellants' use of his confidential information in the Fronen lawsuit and this protected litigation activity is more than incidental to the complaint. Amar may not immunize his causes of action "by the artifice of including extraneous allegations concerning nonprotected activity." (*Scott v. Metabolife Internat., Inc.*, *supra*, 115 Cal.App.4th at p. 414.)

We conclude appellants made the required threshold showing that Amar's complaint arises from their protected litigation activity. We therefore proceed to the second prong of the anti-SLAPP analysis.

## C. Probability of Prevailing on the Merits

Under the second prong of the anti-SLAPP analysis the burden shifts to the plaintiff, who must establish "a probability of prevailing on [his] claim[s]." (§ 425.16, subd. (b)(1).) To establish a probability of prevailing, "'the plaintiff "must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts sufficient to sustain a favorable judgment."'" (*Navellier*, *supra*, 29 Cal.4th at pp. 88-89.) We accept as true all "competent and admissible evidence."

7

(*Tuchscher Development Enterprises, Inc. v. San Diego Unified Port Dist.* (2003) 106 Cal.App.4th 1219, 1236.) Even though his burden was not high, Amar failed to meet it.

Amar produced no evidence below supporting his claims, but baldly asserted he would prevail because defendants "represented" and acted as legal counsel for him before representing the Fronens. But Amar produced no documentation evidencing the alleged 20-year attorney-client relationship with Henri Schuller and failed to specify how or when appellants obtained his confidential information or used it against him. Amar's declaration that the Schullers "represented" him was so vague and conclusory as to be meaningless and failed to specify what confidential information was obtained or how it was used against him. Dozier's declaration that Henri Schuller planned and executed a real estate transaction for the Amar-Fronen partnership did not establish that Schuller represented Amar, obtained his confidential information, or used the information against him in the Fronen lawsuit.

In sum, Amar made no prima facie showing of facts sufficient to sustain a favorable judgment in an action that indisputably arose from protected activity. On the contrary, Joseph Pertel testified that Amar conceded his purpose for a lawsuit was to prevent appellants from representing the Fronens, making his complaint precisely the type of lawsuit the Legislature intended to forestall. (*Dixon v. Superior Court* (1994) 30 Cal.App.4th 733, 741 ["SLAPP plaintiffs do not intend to win their suits; rather, they are filed solely for delay and distraction [citation], and to punish activists by imposing litigation costs on them for exercising their constitutional right . . . ."].) The complaint was therefore properly stricken.

Given this ruling, we need not reach other arguments made by appellants.

**DISPOSITION**

The order denying appellants' special motion to strike under section 425.16 is reversed, and the matter is remanded with instructions to: (1) enter an order granting the motion, and (2) hold a hearing, following further briefing, to determine the amount of attorney fees to which appellants are entitled under section 425.16. Appellants are awarded their costs on appeal.

NOT TO BE PUBLISHED.


                                                        CHANEY, J.


We concur:


        ROTHSCHILD, Acting P. J.


        WILEY, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.